# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

CIVIL NO. 3:09cv356-R
(3:08cr10-2)

| | |
|---|---|
| OLANDUS BROADWAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 17, 2009 [Doc. 1]. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or other-wise is subject to collateral attack. 28 U.S.C. § 2255(a). However,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must

> dismiss the motion and direct the clerk to notify the moving party.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, having reviewed Petitioner's Motion and the record of his underlying criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. FACTUAL AND PROCEDURAL HISTORY

On January 23, 2008, an Indictment was filed charging Petitioner and a co-defendant with conspiracy to distribute, and to possess with intent to distribute 50 grams or more of cocaine base (also known as "crack cocaine"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); and with possession with intent to distribute, and aiding and abetting the possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2 (Count Two). [3:08cr10-2, Doc. 1]. On January 25, 2008, the Government filed an Information pursuant to 21 U.S.C. § 851(b) asserting that Petitioner previously had been convicted of a felony drug offense under North Carolina law, thereby exposing him to enhanced penalties upon his conviction on either of the federal charges which he was facing. [Id., Doc. 5].

On May 13, 2008, Petitioner entered into an amended written Plea Agreement, whereby he agreed to plead guilty to the substantive drug offense alleged in Count Two in exchange for the Government's dismissal of Count One. [Id., Doc. 32 at ¶¶ 1 and 2].  Such Agreement also reflects the parties' recommendation that Petitioner's sentence be calculated based upon his involvement with in excess of five but fewer than 20 grams of crack cocaine, as well as the Government's promise to withdraw its § 851 Notice. [Id., Doc. 32 at ¶¶ 7(a) and (b)].  In addition, the Agreement notes the parties' understanding that their recommended U.S. Sentencing Guidelines calculations were not binding either upon the U.S. Probation Office or the Court. [Id., ¶¶ 4 and 7].

On May 29, 2008, Petitioner appeared before a magistrate judge for a Plea and Rule 11 Hearing.  On that occasion, the Court placed Petitioner under oath and engaged him in its standard, lengthy colloquy to ensure that he was tendering his plea intelligently and voluntarily.  [Id., Doc. 33].  After considering Petitioner's answers to its numerous questions, including his representations that he understood the charges and penalties he was facing, he understood and agreed to the terms of his Plea Agreement, he had spoken with his attorney about how the Guidelines might apply in his

case, and he was satisfied with his attorney's services [Id., Doc. 33 at ¶¶ 8-10, 23 and 30], the Court concluded that Petitioner's plea was knowingly and freely made and consequently accepted Petitioner's guilty plea. [Id., Doc. 33 at 5].

On July 10, 2008, the U.S. Probation Office filed a Presentence Report recommending that Petitioner be sentenced as a career offender pursuant to Guidelines § 4B1.1, based upon two of Petitioner's prior felony convictions for controlled substances offenses. [Id., Doc. 38 at ¶ 23]. Consequently, the Probation Office calculated Petitioner's total Offense Level at 31 and his Criminal History Category at IV, with a corresponding range of 188 to 235 months imprisonment. [Id., Doc. 38 at ¶¶ 25, 35 and 53].

Petitioner objected to the recommendation that he be sentenced as a career offender on grounds unrelated to the instant Motion to Vacate, [Id., Doc. 39 at ¶¶ 2-4, and Doc. 44];[1] however, the Probation Office

---

[1] The gist of Petitioner's objections was that the Government had not given him prior notice of his potential exposure to the career offender provisions; that any sentence enhancement, including one under § 4B1.1, would violate the spirit of the Government's withdrawal of its § 851 Notice; and that one of the two prior drug convictions upon which the Probation Office was relying could not subject him to the career offender provisions because it was not for a trafficking offense.

subsequently filed its final Presentence Report essentially recommending that the objections be overruled as baseless.  [Id., Doc. 41].

On September 17, 2008, the Court held Petitioner's Factual Basis and Sentencing Hearing.  After hearing from counsel for the parties, the Court overruled Petitioner's objections to the application of the career offender provisions.  [Id., Doc. 66 at 7-16].  Among other matters, the Court found that the career offender provisions did not require prior notice to defendants, and that Petitioner's criminal record contained two qualifying controlled substance convictions, thus triggering application of § 4B1.1. [Id., Doc. 66 at 16].  Thereafter, the Court adopted the calculations set forth in the Pre-sentence Report and sentenced Petitioner to a term of 188 months of imprisonment.  [Id., Doc. 66 at 16, 19; see also Doc. 47].

Petitioner did not appeal his case.  Rather, on May 11, 2009, Petitioner filed a motion *pro se* seeking a modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was entitled to a sentence reduction pursuant to the crack cocaine guideline amendment, Amendment 706.  [Doc. 58].  The Court denied Petitioner's motion on May 21, 2009 [Doc. 59], and the Fourth Circuit affirmed this Court's action on July 30, 2009.  [Doc. 63].  Thereafter, on August 17,

2009, Petitioner filed the instant Motion to Vacate raising the single claim that counsel was ineffective for having failed to seek a sentence reduction on the basis of the 100:1 sentencing disparity between crack and powder cocaine offenses. [Doc. 1]. Relevant legal precedent dictates that this claim must be rejected.

### III. ANALYSIS

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). The

petitioner "bears the burden of proving Strickland prejudice," and if the petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Fields, 956 F.2d at 1297. Finally, in the context of a claim of ineffectiveness at sentencing, a petitioner must show "that his sentence would have been more lenient" absent counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

As has been noted, Petitioner properly was sentenced under the career offender provisions of the Guidelines. In the only Fourth Circuit cases addressing this question (albeit unpublished decisions), that Court has stated that career offenders cannot challenge their sentences on the basis of the crack-to-powder cocaine sentencing disparity because their sentences were imposed under the career offender provisions and not based upon the quantities of the drugs involved in their offenses. United States v. McCorkle, 291 F. App'x 545, 546 n.1 (4th Cir. Sept. 5, 2008) (rejecting an argument that district court should have considered the "unwarranted 100:1 crack-to-powder cocaine disparity under 18 U.S.C.A. § 3553(a)," and finding "Kimbrough[2] is of no assistance to [the defendant]

---

[2] Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 564, 575, 169 L.Ed.2d 481 (2007) holds that under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "the cocaine Guidelines, like all other Guidelines, are advisory only," and that "it would not be an abuse

because his ultimate guideline range was not determined based on drug quantity but on his status as a career offender"); United States v. Blackshear, 273 F. App'x 235, 237 (4th Cir. Apr. 10, 2008) (same), cert. denied, 129 S.Ct. 237, 172 L.Ed.2d 180 (2008).  Additionally, in Sanders v. United States, No. 1:07CV617, 1:04CR261-1, 2008 WL 819018, at *5 (M.D.N.C. Mar. 24, 2008), a magistrate judge recommended against a crack-to-powder sentencing disparity claim, in part, because the petitioner "was not sentenced based on the amount of cocaine base involved in the case[; h]e was sentenced as a career offender.  Therefore, his crack versus powder argument is inapposite."[3]

---

of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purpose, even in a mine-run case."

[3]Several other circuits have reached decisions comparable to the Fourth Circuit's opinions.  See United States v. Vazquez, 558 F.3d 1224, 1228-29  (11th Cir. 2009) (rejecting career offender's sentencing challenge on ground that Kimbrough does not reach sentences imposed under career offender provisions which were "the result of 'direct congres-sional expression'"), pet. for cert. filed, Jul. 15, 2009 (No. 09-5370); United States v. Friedman, 554 F.3d 1301, 1311 & n.13  (10th Cir. 2009) (vacating career offender's downward variance as an abuse of discretion, and noting in footnote that Kimbrough may not permit a variance because Congress directed Sentencing Commission to incorporate into Guidelines for career offenders whose crimes are listed in § 994(h), sentencing ranges "at or near the maximum term authorized"); United States v. Millbrook, 553 F.3d 1057, 1067  (7th Cir. 2009)  (rejecting sentencing challenge on ground that defendant "was sentenced as a career offender, which means that the

Thus, notwithstanding the decision reached in United States v. Harris, No. 1:08cr45, 2008 WL 2228526, at *5-*6 (E.D. Va. May 29, 2008) (granting downward variance under 18 U.S.C. § 3553(a) on ground that defendant's qualification as career offender based upon ten-year-old conviction for larceny from a person "reveal[ed] inherent harshness of the crack cocaine/powder cocaine disparity and reflect[ed] unsound sentencing

---

crack and powder cocaine disparity in the Guidelines did not affect his sentence. His base offense level was determined, not by drug quantity, but by the statutory maximum applicable to his offense . . . . Thus Kimbrough's discussion of a district court's discretion to take into account the crack/powder disparity is of no consequence to a defendant sentenced under § 4B1.1 as a career offender."); United States v. Ogman, 535 F.3d 108, 109 (2d Cir. 2008) (clarifying that where "a district court sentences a defendant pursuant to a Guidelines range that results from his status as a career offender, and without reliance upon the Guidelines' drug quantity table and the crack to powder ratio that it incorporates, the sentence does not present the type of error for which remand . . . is appropriate"); United States v. Jimenez, 512 F.3d 1, 8-9 (1st Cir. 2007) ("As we have explained, the crack/powder dichotomy is irrelevant to the career offender sentence actually imposed in this case. Consequently, the decision in Kimbrough – though doubtless important for some cases – is of only academic interest here."), cert. denied, 128 S.Ct. 2920, 171 L.Ed.2d 854 (2008); United States v. Stallworth, 310 F. App'x 537, 541 (3rd Cir. Feb. 12, 2009) (rejecting career offender's sentencing challenge, in part, on ground that "the crack/powder cocaine disparity did not drive [defendant's] sentence"); United States v. Moore, 308 F. App'x 860, 861 (5th Cir. Feb. 3, 2009) (rejecting career offender's sentencing challenge on ground that his "guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense").

policy."),[4] the Court finds that the guiding authority from this Circuit militated against the wisdom of counsel's raising this argument at sentencing. Furthermore, in light of the seriousness of Petitioner's criminal record, this Court would not have been inclined to grant a downward variance due to the crack-to-powder cocaine disparity. Rather, the Court finds that Petitioner's 188-month sentence is entirely appropriate in light of his criminal history, which includes information that Petitioner actually sustained three felony drug-related convictions in his past, and had poor responses to his post-conviction supervision after both his second and third convictions for drug trafficking offenses. Ultimately, therefore,

---

[4] At least one circuit has reached a decision consistent with Harris' result. See United States v. Cole, No. 07-5563, 2009 WL 2590908, at *5-*6 (6th Cir. Aug. 21, 2009) (finding the foregoing holdings implausible and/or internally contradictory and concluding, although no error occurred in that case, that career offenders can use the crack-to-powder sentencing disparity argument to challenge their sentences). Additionally, in United States v. Knox, 573 F.3d 441, 447-48 (7th Cir. 2009), the Seventh Circuit ruled subsequent to its decision in Millbrook, supra, that a district court had erred in failing to consider a crack-to-powder cocaine argument for a career offender who was convicted of conspiring to traffic in crack cocaine, but distinguished that decision from its earlier cases wherein it had rejected such claims by career offenders who were convicted of violations of 21 U.S.C. § 841, finding that Congress expressly required the latter group, pursuant to 18 U.S.C. § 994(h), to be sentenced "at or near the statutory maximum" terms.

Petitioner cannot establish either resulting prejudice or a deficiency in counsel's decision not to request a downward variance on this basis.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS SO ORDERED**.

Signed: September 9, 2009

Martin Reidinger
United States District Judge